896 F.2d 179
 Margaret Sandra COLLARD, Plaintiff-Appellant,
v.
KENTUCKY BOARD OF NURSING; Dr. Bruce Neiger; and Sharon W.
Weisenbeck, Cheryl Westbay, Sylvia Carson and Peggy
Fishburn, Individually and in their official capacities as
Hearing Officers of Kentucky Board of Nursing, Defendants-Appellees.
 No. 89-5256.
 United States Court of Appeals,
Sixth Circuit.
 Argued Dec. 1, 1989.
Decided Jan. 17, 1990.
 
 Theodore H. Amshoff, Jr., Guy Anthony Bayes, and Walter M. Weber (argued), Amshoff, Amshoff & Searcy, Louisville, Ky., for plaintiff-appellant.
 William C. Shouse, Kentucky Bd. of Nursing (argued), Linda J. Onkotz, William C. Goetz, Louisville, Ky., and Ronald G. Sheffer, Sheffer, Hoffman, Neel, Wilson & Thomason, Henderson, Ky., for defendants-appellees.
 Before MILBURN and GUY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Plaintiff, Margaret Collard, appeals from the dismissal of her 42 U.S.C. Sec. 1983 action. The suit was dismissed on the basis of the statute of limitations. The district court applied a one-year statute to plaintiff's claims and Collard argues that the applicable statute is five years. She also argues that even if a one-year statute applies, she properly initiated this action within that period of time.
 
 
 2
 Upon review, we conclude that the district court correctly applied the one-year statute of limitations and we affirm.
 
 I.
 
 3
 Collard is a nurse licensed to practice in the Commonwealth of Kentucky. As a result of her attempt to stop what she maintains was an illegal abortion, two complaints were filed against her with the Kentucky Board of Nursing (KBN or Board). Hearings were held and, on December 13, 1983, the Board issued a final decision placing Collard on probation for two years and assessing a $500 fine. Collard then filed a complaint in the Jefferson Circuit Court, seeking to overturn the Board's decision. She attacked the decision on constitutional, statutory, and procedural grounds, claiming denial of due process as well as violation of rights guaranteed by the first amendment. After hearings and a review of the record, the Jefferson Circuit Court determined that Collard had not been denied due process. The circuit court also ruled that Collard's actions exceeded those protected by the first and fourteenth amendments of the United States Constitution and section five of the Kentucky Constitution. Collard appealed this decision. On October 4, 1985, the Kentucky Court of Appeals reversed the circuit court's decision, concluding that Collard had been denied due process in the hearing procedure. A motion for discretionary review was denied by the Kentucky Supreme Court on January 6, 1986. On March 6, 1986, the Board notified Collard that it intended to take no further action against her. This action was filed October 9, 1986.
 
 II.
 
 4
 Since Congress has never legislated a statute of limitations period for section 1983 actions, the courts, pursuant to the mandate of 42 U.S.C. Sec. 1988, have had to look to analogous state statutes. Considerable confusion was generated which the Supreme Court sought to resolve in Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Since statutes of limitations differ from state to state, it was not possible for the Supreme Court to achieve country-wide uniformity. The Court did attempt to achieve as much uniformity as possible, however, by decreeing that only one statute in each state shall apply and that, in looking for the one applicable state statute, section 1983 claims should be "characterized as personal injury actions." 471 U.S. at 280, 105 S.Ct. at 1949.
 
 
 5
 Unfortunately, Wilson did not completely solve the problem since many states had more than one statute of limitations governing personal injury actions. As a result, the Supreme Court was forced to revisit this issue in Owens v. Okure, --- U.S. ----, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). In Owens, the defendants argued that a section 1983 action against two police officers should be governed by New York's one-year statute of limitations which covered eight intentional torts. The Court rejected the defendants' arguments and concluded that New York's three-year residual statute of limitations for claims of personal injury was the appropriate analogy. The Court reasoned that many states have a multiplicity of intentional tort statutes of limitations, but that "every State has one general or residual statute of limitations governing personal injury actions." 109 S.Ct. at 580. The Court concluded by stating:
 
 
 6
 We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering Sec. 1983 claims should borrow the general or residual statute for personal injury actions.
 
 
 7
 109 S.Ct. at 582. Although the rule is easy to state, it is somewhat more elusive to apply, as is demonstrated in this case.
 
 
 8
 Kentucky law provides a five-year statute of limitations for "an action for an injury to the rights of the plaintiff not arising on contract and not otherwise enumerated." Ky.Rev.Stat.Ann. Sec. 413.120(6) (Baldwin 1988). Plaintiff argues that the five-year statute should apply since she sustained no "injury to the person" but, rather, an injury to "[her] rights." In support of this argument plaintiff relies, at least in part, on Craft v. Rice, 671 S.W.2d 247 (Ky.1984). In Craft, the Kentucky Supreme Court concluded that Kentucky should recognize the tort of intentional infliction of emotional distress and that the applicable limitations period should be five years as provided in section 413.120(6).[1] Plaintiff goes on to argue that Craft, at least impliedly, stands for the proposition that section 413.140(1)(a) is limited to those situations in which a plaintiff's claim flows from a physical injury sustained to the person.
 
 
 9
 Plaintiff's ability to make this argument is bottomed on the language in Owens v. Okure which directed that we borrow the "general or residual statute for personal injury actions." 109 S.Ct. at 582 (emphasis added). The use of the disjunctive allows plaintiff to make the argument that although the one-year statute (section 413.140(1)(a)) is the "general" personal injury statute, the five-year provision (section 413.120(6)) is the "residual" statute. These waters are further muddied by the following language from footnote 12 of the Owens opinion:
 
 
 10
 Our decision today is fully consistent with Wilson's rejection of a state residual, or "catch-all," limitations provision as the appropriate one for Sec. 1983 actions. 471 U.S., at 278, 105 S.Ct. at 1948. In Wilson, we rejected recourse to such provisions in the first instance, a position we continue to embrace. Courts should resort to residual statutes of limitations only where state law provides multiple statutes of limitations for personal injury actions and the residual one embraces, either explicitly or by judicial construction, unspecified personal injury actions. See, e.g., Small v. Inhabitants of City of Belfast, 796 F.2d 544 (CA1 1986) (construing Maine's catch-all statute as the general personal injury provision); Alley v. Dodge Hotel, 163 U.S.App.D.C. 320, 501 F.2d 880 (1974) (per curiam ) (construing District of Columbia's catch-all statute as the general personal injury provision).
 
 
 11
 109 S.Ct. at 582 n. 12.
 
 
 12
 Although note 12 is arguably confusing, we nonetheless find it helpful to the resolution of this issue when read against the backdrop of Kentucky's statutory scheme for the limitation of actions. Kentucky does not have "multiple" statutes of limitations for personal injury actions. When sections 413.120 and 413.140 are read in their entirety,[2] it is clear that Kentucky intended to generally deal with personal injury actions in section 413.140 and that section 413.140(1)(a) is appropriately referenced as the general personal injury limitations statute. In fact, nowhere else does the language "personal injury" appear. If the Supreme Court had not decided Wilson and Owens, plaintiff's argument as a matter of pure logic might carry the day since plaintiff's claim here certainly partakes of "an injury to the rights of the plaintiff." However, in the interest of simplicity and uniformity, the Supreme Court has designated "personal injury" statutes rather than "personal rights" statutes as the benchmark. Accordingly, we conclude that section 1983 actions in Kentucky are limited by the one-year statute of limitations found in section 413.140(1)(a).
 
 
 13
 In reaching this conclusion we are not flying in the face of the Craft decision. Craft dealt, first of all, with whether Kentucky would even recognize a cause of action for intentional infliction of emotional distress. See Craft, 671 S.W.2d 247. Having answered this question in the affirmative, the Craft court then considered which limitations pigeonhole this new cause of action fit. Id. at 249-50. Whether we agree with the choice made by the Kentucky Supreme Court or not is immaterial since it was clearly their call. However, the case did not deal with a section 1983 cause of action and, even if it did, we would not be bound by the decision of the Kentucky Supreme Court. This was made clear in Wilson when the Court stated:
 
 
 14
 In borrowing statutes of limitations for other federal claims, this Court has generally recognized that the problem of characterization "is ultimately a question of federal law." Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 706 [86 S.Ct. 1107, 1113, 16 L.Ed.2d 192] (1966) (Sec. 301 of the Labor Management Relations Act of 1947, 29 U.S.C. Sec. 185).
 
 
 15
 471 U.S. at 269-70, 105 S.Ct. at 1943-44 (footnotes omitted). In fact, the Court in Wilson specifically rejected the New Mexico Supreme Court's conclusion as to the appropriate characterization of a section 1983 action.
 
 
 16
 It should also be noted that we have already held in an earlier post-Wilson decision that Kentucky's one-year statute of limitations governs section 1983 actions. In McSurely v. Hutchison, 823 F.2d 1002 (6th Cir.1987), cert. denied, 485 U.S. 934, 108 S.Ct. 1107, 99 L.Ed.2d 269 (1988), we concluded that section 413.140(1)(a) is the appropriate statute of limitations to be applied in a Bivens action.[3] Since the McSurely rationale was that Bivens actions should be treated the same as section 1983 actions, by implication at least we established a one-year limitation period for section 1983 actions in Kentucky. A panel of this court cannot overrule a previous panel's decision, Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 689 (6th Cir.1985). However, since McSurely was post-Wilson but pre-Owens, the intervening Supreme Court decision in Owens accorded this panel the right to re-visit this question.[4]
 
 III.
 
 17
 Having determined that plaintiff's cause of action is subject to the Kentucky one-year limitation period, we must now address the question of whether this suit was timely filed as plaintiff contends. This is a determination controlled by federal law. As we stated in McCune v. City of Grand Rapids, 842 F.2d 903 (6th Cir 1988):
 
 
 18
 Although Wilson held that state law provides the statute of limitations in section 1983 actions, it also reaffirmed that federal law and not state law is relevant for the purpose of characterizing a section 1983 claim. Wilson, 471 U.S. at 268-71, 105 S.Ct. at 1943-45. Accordingly, federal law governs the question of when that limitations period begins to run. Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). In Sevier, this court held that the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. Id. at 273.
 
 
 19
 Id. at 905; see also McMaster v. Cabinet for Human Resources, 824 F.2d 518, 520 (6th Cir.1987).
 
 
 20
 The disciplinary hearing which resulted in action being taken against the plaintiff concluded in September of 1983, and the final decision of the Board was entered in December 1983. This suit was not started until October 1986. Plaintiff would get around this delay by arguing that this whole proceeding was analogous to a malicious prosecution, and that her cause of action did not accrue until she was "vindicated." In this case "vindication" would have occurred, according to plaintiff, as of the time the Board decided not to pursue this matter further.[5] The primary problem with this argument is that neither of the two complainants who initiated the action against plaintiff was acting under "color of law," which is a necessary prerequisite to the initiation of a section 1983 action. Although their actions might be the predicate for a pendant state malicious prosecution action, such an action would be dismissed without prejudice once plaintiff's federal jurisdictional claim was held to be inappropriate.
 
 
 21
 An additional problem with plaintiff's characterization of this action is that her claims do not track a common law malicious prosecution action. As the district judge stated in his opinion:
 
 
 22
 Collard alleges that compelling her to appear before the Board infringed upon her right to free exercise of religion, freedom of speech, and freedom of association. In essence Collard claims that she was unconstitutionally required to answer for conduct which constituted the exercise of her First Amendment rights. The disciplinary proceeding at which she was compelled to appear was commenced in August, 1983, so this was the earliest time her First Amendment claims could have accrued. Collard's other constitutional claims rest on her contention that the procedure employed at the hearing denied her the right to confront and cross-examine the chief witness against her, and allowed the improper use of hearsay, in violation of the Fifth, Sixth, and Fourteenth Amendments.
 
 
 23
 We agree with Judge Simpson's characterization of plaintiff's claims as well as his conclusion that such claims arose no later than final action by the Board in 1983.
 
 
 24
 We recognize that in a state with a one-year statute of limitations, a plaintiff may find herself having to initiate a federal lawsuit before the conclusion of the state matters which form the predicate for the federal action. However, this is a consequence of section 1983 actions being supplementary to whatever relief is afforded by state common-law or statutory remedies. As was stated in McCune:
 
 
 25
 Ever since the Supreme Court made clear in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that "[t]he federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked," id. at 183, 81 S.Ct. at 482, the federal courts have had to grapple with the interrelationship of state and federal laws. If state exhaustion were a prerequisite, the accrual date of a federal cause of action would be clear.
 
 
 26
 842 F.2d at 907 (Guy, J., concurring). Although principles of collateral estoppel and res judicata may effectively keep civil rights plaintiffs from getting two bites at the apple, they, at least initially, often have two apples to bite.
 
 
 27
 It is clear from the facts of this case that plaintiff did not institute her section 1983 action in a timely manner and that the district court properly dismissed this case on the basis of the statute of limitations.
 
 
 28
 AFFIRMED.
 
 
 
 [1]
 At the time of the decision, section 413.120(6) was numbered section 413.120(7). The two sections are identical
 
 
 [2]
 Section 413.120 reads:
 
 
 [413]
 120 Actions to be brought within five years
 The following actions shall be commenced within five years after the cause of action accrued:
 (1) An action upon a contract not in writing, express or implied.
 (2) An action upon a liability created by statute, when no other time is fixed by the statute creating the liability.
 (3) An action for a penalty or forfeiture when no time is fixed by the statute prescribing it.
 (4) An action for trespass on real or personal property.
 (5) An action for the profits of or damages for withholding real or personal property.
 (6) An action for an injury to the rights of the plaintiff, not arising on contract and not otherwise enumerated.
 (7) An action upon a bill of exchange, check, draft or order, or any endorsement thereof, or upon a promissory note, placed upon the footing of a bill of exchange.
 (8) An action to enforce the liability of a steamboat or other vessel.
 (9) An action upon a merchant's account for goods sold and delivered, or any article charged in such store account.
 (10) An action upon an account concerning the trade of merchandise, between merchant and merchant or their agents.
 (11) An action for relief or damages on the ground of fraud or mistake.
 (12) An action to enforce the liability of bail.
 (13) An action for personal injuries suffered by any person against the builder of a home or other improvements. This cause of action shall be deemed to accrue at the time of original occupancy of the improvements which the builder caused to be erected.
 Ky.Rev.Stat.Ann. Sec. 413.120 (Baldwin Supp.1989).
 Section 413.140 provides:
 
 
 [413]
 140 Actions to be brought within one year
 (1) The following actions shall be commenced within one (1) year after the cause of action accrued:
 (a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice or servant.
 (b) An action for injuries to persons, cattle or other livestock by railroads or other corporations, with the exception of hospitals licensed pursuant to KRS Chapter 216.
 (c) An action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation or breach of promise of marriage.
 (d) An action for libel or slander.
 (e) An action against a physician, surgeon, dentist or hospital licensed pursuant to KRS Chapter 216, for negligence or malpractice.
 (f) An action for the escape of a prisoner, arrested or imprisoned on civil process.
 (g) An action for the recovery of usury paid for the loan or forbearance of money or other thing, against the loaner or forbearer or assignee of either.
 (h) An action for the recovery of stolen property, by the owner thereof against any person having the same in his possession.
 (i) An action for the recovery of damages or the value of stolen property against the thief or any accessory.
 (2) In respect to the action referred to in paragraph (e) of subsection (1) of this section, the cause of action shall be deemed to accrue at the time the injury is first discovered or in the exercise of reasonable care should have been discovered; provided that such action shall be commenced within five (5) years from the date on which the alleged negligent act or omission is said to have occurred.
 (3) In respect to the action referred to in paragraph (g) of subsection (1) of this section, the cause of action shall be deemed to accrue at the time of payment. This limitation shall apply to all payments made on all demands, whether evidenced by writing or existing only in parol.
 (4) In respect to the action referred to in paragraph (h) of subsection (1) of this section, the cause of action shall be deemed to accrue at the time the property is found by its owner.
 (5) In respect to the action referred to in paragraph (i) of subsection (1) of this section, the cause of action shall be deemed to accrue at the time of discovery of the liability.
 Ky.Rev.Stat.Ann. Sec. 413.140 (Baldwin 1979).
 
 
 [3]
 Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [4]
 We have now had occasion to rule on the appropriate statute of limitations for section 1983 actions in all four of the states comprising the Sixth Circuit. This leaves us with a three-year statute in Michigan, Carroll v. Wilkerson, 782 F.2d 44 (6th Cir.), cert. denied, 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d 302 (1986); a two-year statute in Ohio, Browning v. Pendleton, 869 F.2d 989 (6th Cir.1989) (en banc ); and a one-year statute in both Kentucky and Tennessee, Sevier v. Turner, 742 F.2d 262 (6th Cir.1984) (Tennessee). Although we do not view this disparity as desirable, the answer to the problem lies with Congress adopting a statute of limitations for federal civil rights actions
 
 
 [5]
 Although we have serious reservations as to whether this would constitute "vindication," we do not address this issue since it played no part in the dismissal of this case in the district court