978 F.2d 1259
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kerwin D. KERR, Plaintiff-Appellant,
v.
Robert KAISER; William H. Owens; et al., all individually
and as present or former Members of the Kentucky State Board
of Registration for Professional Engineers and Land
Surveyors, Defendants-Appellees.
 No. 92-5205.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Kerwin D. Kerr appeals the dismissal of his civil rights action brought under 42 U.S.C. § 1983. For the reasons set forth below, we vacate the district court's order and remand the cause for proceedings not inconsistent with this opinion.
 
 
 2
 On April 24, 1986, the Kentucky State Board of Registration for Professional Engineers and Land Surveyors ("Board") suspended Kerr's license to practice land surveying for allegedly completing a number of substandard surveys. Kerr appealed the Board's decision to the state circuit court. The circuit court, after receiving evidence, upheld the suspension. Kerr again appealed, this time to the Kentucky Court of Appeals. On November 2, 1990, the court of appeals reversed the Board's decision as violative of due process and ordered Kerr's reinstatement. On November 1, 1991, Kerr filed this federal civil rights action alleging violations of his Fifth and Fourteenth Amendment rights as well as his rights under Section 2 of the Kentucky Constitution. The Board moved for summary judgment arguing that Kerr's claims were time-barred. The district court granted the Board's motion. From the district court's order, it appears as if the court intended to dismiss both the state and federal claims. However, the order is silent with respect to the pendent state claim and no separate judgment was entered. This appeal followed.
 
 
 3
 In Kentucky, section 1983 claims are subject to Ky.Rev.Stat. § 413.140(1)(a), the state's one-year statute of limitations for personal injury actions. Vandiver v. Hardin County Board of Education, 925 F.2d 927, 930 (6th Cir.1991). The limitations period commences when the plaintiff knows or has reason to know of the injury underlying the action. Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991) (citing Sevier v. Turner, 742 F.2d 262, 273 (6th Cir.1984)). In Collard v. Kentucky Board of Nursing, 896 F.2d 179 (6th Cir.1990), we held untimely a section 1983 action filed within one year of the Kentucky Court of Appeals' reversal of a nursing license suspension. In doing so, we rejected the argument that the statute of limitations does not begin to run until the plaintiff is "vindicated" by an appellate decision. Id. at 183-84.
 
 
 4
 Kerr attempts to distinguish Collard by arguing that the state circuit court in this case enjoyed plenary rather than limited review of the Board's decision. He then concludes that the Board's continued reliance upon the theory later found unconstitutional by the appellate court resulted in a continuing violation of his civil rights. This argument is unpersuasive and ignores our holdings in Dixon and Sevier. Kerr became aware of the injury of which he now complains on April 24, 1986, the day the Board suspended his surveyor's license. He did not file his section 1983 action until some five and one-half years later. Therefore, the district court correctly dismissed Kerr's claims as time-barred. With Kerr's federal claims dismissed, the proper recourse is to dismiss his pendent state constitutional claim without prejudice. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Vandiver, 925 F.2d at 935.
 
 
 5
 Accordingly, we VACATE the order of the district court and REMAND the cause for entry of judgment dismissing Kerr's federal claims with prejudice and dismissing his pendent claim without prejudice.