986 F.2d 1423
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
E. Chris WEHNER, Plaintiff-Appellant,
v.
Edmund S. LEE; J. Douglas Green; Rolando Haddad; Richard
A. Frey; Joseph Payne; Carol Locke; Annette Toler; Cheri
Murray; Humana Hospital University; Eli Lilly and Company;
James Cornelius; Earl Hedden; Darrell Ammon; Cathy Wise,
Defendants-Appellees.
 No. 92-5583.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 E. Chris Wehner, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $100 million in damages, Wehner sued two private physicians, a private hospital, a pharmaceutical company and its chief executive officer (CEO), two Louisville detectives, a Kentucky probation officer, and various medical and correctional officers of the Jefferson County Corrections Department. He claimed that he received improper and inadequate medical care during 1990, which included the prescription of allegedly dangerous drugs by the private physicians and the failure to schedule prompt medical and dental treatment by the medical staff of the Jefferson County Corrections Department. He also alleged that the Louisville Police Department conducted an illegal search of his apartment in November 1990.
 
 
 4
 In a memorandum and order filed March 18, 1992, the district court dismissed Wehner's complaint as frivolous pursuant to 28 U.S.C. § 1915(d). The district court concluded that the complaint lacked an arguable basis in law because the private physicians, hospital, drug company, and CEO were not state actors as required for liability under § 1983. It also concluded that the entire complaint was time-barred because the last allegedly unconstitutional act complained of occurred on January 29, 1991, more than one year prior to February 3, 1992, when Wehner tendered his complaint. Wehner's timely motion to alter or amend the judgment was denied in an order filed April 15, 1992.
 
 
 5
 On appeal, Wehner argues that the five-year limitations period of Ky.Rev.Stat. § 413.120 should be applied in this case. Alternatively, he argues that the one-year statute should not be strictly applied against him because of lack of knowledge, a copier breakdown and time spent in administrative segregation. Wehner requests the appointment of counsel in his brief.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in dismissing Wehner's complaint as frivolous pursuant to § 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed as frivolous only when the plaintiff's claims lack an arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 326 (1989). Wehner's claims lack an arguable basis in law for the reasons stated by the district court. Although Wehner would like a longer limitations period applied, it is well-settled that Kentucky's one-year statute for bringing personal injury actions is applicable to civil rights claims brought in Kentucky. See Ky.Rev.Stat. § 413.140; Collard v. Kentucky Board of Nursing, 896 F.2d 179, 182 (6th Cir.1990). Furthermore, the district court did not err in rejecting Wehner's arguments for equitable tolling, raised in the letter deemed to be a motion to alter or amend the judgment. Moreover, Wehner's complaints about medical care received after his release and about the allegedly erroneous billing of his insurance company do not raise cognizable constitutional claims.
 
 
 7
 Accordingly, the request for counsel is denied. The district court's order, entered March 18, 1992, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation