**Alford T. FORD, et al., Plaintiffs,**

v.

**Isaiah HILL, et al., Defendants.**

**Civ. A. No. 93–333.**

United States District Court,
E.D. Kentucky,
London Division.

Jan. 18, 1995.

Michael A. Taylor, Taylor & Tribell, Middlesboro, KY, for Alford T. Ford, Sr., Ella Mae Ford.

J.P. Cline, III, Cline & Edens, Middlesboro, KY, for Isaiah Hill.

David R. Irvin, Shelby C. Kinkead, Jr., Moynahan, Bulleit, Kinkead & Irvin, Lexington, KY, for David Crafton.

William A. Hoskins, III, Timothy R. Coleman, Jackson & Kelly, Lexington, KY, for Jerry Provence.

## OPINION AND ORDER

BERTELSMAN, Chief Judge:

Plaintiffs initiated this civil rights action pursuant to 42 U.S.C. § 1983. Alford T. Ford, Jr., plaintiffs' son, sustained a fatal gunshot wound during an arrest. Mr. and Mrs. Ford allege claims both individually and on behalf of the decedent's estate. This matter is before the court for consideration of

defendants' motions to dismiss (doc. # 10, # 15 and # 17).

## I. FACTUAL BACKGROUND

On December 2, 1992, plaintiff Alford T. Ford, Sr. called the Cumberland Police Department to lodge a complaint against his son, Alford T. Ford, Jr., for "terroristic threatening." Cumberland police officers came to Alford T. Ford, Sr.'s home to serve the arrest warrant.

Upon arriving at the Ford home, the officers saw Alford T. Ford, Jr. exit a truck and attempt to enter his parents' home. Defendant Hill, a police officer, physically restrained the younger Mr. Ford to prevent him from entering the Ford home. Mr. Ford, Jr. pulled a gun from his pocket. Officer Hill threatened to shoot the younger Ford if he did not drop the gun. Mr. Ford, Jr. then discharged the firearm into the air and hid in his parents' carport.

The Harlan County Sheriff's Department, the Cumberland Police Department, the Kentucky State Police Special Response Team, the Lynch Police Department and the Benham Police Department dispatched officers to the scene. After a lengthy stand-off, officers, under the direction of defendant Provence, "rushed" Mr. Ford, Jr., shooting him five times at point blank range. Mrs. Ford was knocked to the ground during the altercation.

The younger Mr. Ford died as a result of the gunshot wounds. Defendant police officers Hill, Provence and Crafton arrested Mr. and Mrs. Ford for first degree wanton endangerment. The prosecutor ultimately dismissed the criminal charges against Mr. and Mrs. Ford.

Mr. Ford, Sr., as executor of Alford T. Ford, Jr.'s estate, alleges that Mr. Ford, Jr. was wrongfully arrested and that excessive force was utilized in making the arrest. Mr. and Mrs. Ford allege individually that they were wrongfully arrested, that excessive force was used in arresting them and that they have been damaged as a result of the excessive force used against their son.

Plaintiffs filed their initial complaint on December 2, 1993, naming the Kentucky State Police and "individuals (who are Kentucky State Troopers) whose identity is unknown to the Plaintiffs" as Defendants. *See* doc. # 1. On May 17, 1994, this court granted the Kentucky State Police Department's motion to dismiss, and ordered Plaintiffs to "identify the unknown defendants, file an Amended Complaint, and serve said individuals with process" by July 13, 1994. Doc. # 8.

On July 11, 1994, Plaintiffs filed an amended complaint naming officers Hill, Provence and Crafton as defendants. Doc. # 9. In the amended complaint, plaintiffs allege claims against defendant Provence as the supervising officer on the scene. Their original complaint contained no allegations against any officer for supervisory actions.

Defendants now move to dismiss plaintiffs' claims as barred by the statute of limitations.

## II. ANALYSIS

### A. Claims Made on Behalf of the Decedent's Estate are Not Barred by the Statute of Limitations

██ Plaintiffs have alleged civil rights claims pursuant to 42 U.S.C. § 1983 on their own behalf as well as on behalf of Alford Ford, Jr.'s estate. Because Congress has not established the statute of limitations applicable to § 1983 claims, courts must apply the general statute for personal injury actions provided by the law of the state in which the court sits. *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Kentucky, § 1983 actions are governed by the one-year statute of limitations contained in Kentucky Revised Statute 413.140. *Collard v. Kentucky Board of Nursing,* 896 F.2d 179 (6th Cir.1990). In applying this statute of limitations, the court must follow any applicable Kentucky tolling provisions. *Wilson v. Garcia,* 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985); *Wilson v. Giesen,* 956 F.2d 738, 740 (7th Cir.1992).

██ KRS 413.180 provides the tolling rules for actions initiated by a personal representative on behalf of a decedent for certain causes of action. It states, in part:

If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies

before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one year after the qualification of the representative.

KRS 413.180(1). Because § 1983 is a federal cause of action, § 1983 is not among the statutes "mentioned in KRS 413.909 to 413.160." However, the state statute of limitations applicable to § 1983 claims, KRS 413.140, is among the statutes to which KRS 413.180 applies. Accordingly, the tolling rules contained in KRS 413.180 are applicable to § 1983 actions in Kentucky.[1]

■ Pursuant to KRS 413.180(1), if a personal representative is appointed to represent an estate before the statute of limitations expires on a cause of action, the personal representative may bring the cause of action within one year after his or her appointment. *See Conner v. George W. Whitesides Co.*, 834 S.W.2d 652 (Ky.1992); *see also Everley v. Wright*, 872 S.W.2d 95 (Ky.App. 1993). In this case, Alford Ford, Jr.'s cause of action accrued on December 2, 1992, the day he was shot and killed. Alford Ford, Sr. was appointed as the administrator of Mr. Ford, Jr.'s estate on October 8, 1993. Therefore, under KRS 413.180(1), Mr. Ford, Sr. could initiate an action on behalf of Mr. Ford, Jr.'s estate on or before October 8, 1994—one year after the date of his appointment as administrator. Mr. Ford filed the initial complaint on December 2, 1993, and the amended complaint on July 11, 1994. Accordingly, both the initial complaint and the amended complaint were timely filed on behalf of Mr. Ford, Jr.'s estate.

## B. Mr. and Mrs. Ford's Individual Claims Against Defendants Hill, Crafton and Provence are Barred by the Applicable Statute of Limitations

As discussed above, § 1983 claims originating in Kentucky are governed by the one-year statute of limitations contained in KRS 413.140. Mr. Ford, Jr. was killed on December 2, 1992. The Fords filed their original complaint, naming "John Doe(s)" as defendants on December 2, 1993, within the one-year statute of limitations. The Fords amended their complaint to state claims against defendants Ford, Crafton and Provence on July 11, 1994—more than nineteen months after Mr. Ford, Jr.'s death. Therefore, for the Fords to maintain individual claims against defendants Ford, Crafton and Provence, the amendments to the complaint must relate back to the filing of the initial complaint under Federal Rule of Civil Procedure 15(c).

### 1. *Defendant Provence*

■ Four requirements must be satisfied for an amendment to relate back to the date of the original filing: (1) the claim sought to be amended arose out of the conduct or occurrence alleged or attempted to be alleged in the original complaint; (2) the party to be added received such notice that he will not be prejudiced in defending on the merits; (3) the party to be added knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him; and (4) the second and third requirements were satisfied within the period provided for service of the summons and complaint. Fed. R.Civ.P. 15(c)(3).

In their original complaint, plaintiffs alleged the following:

11. After several hours of no activity and despite the pleading of the parents of the decedent to diffuse the situation without violence, the individual defendants rushed the decedent plaintiff, knocking Mrs. Ella Mae Ford to the ground, causing her injury and within the sight of Mrs.

---

1. In addition, the § 1983 action at issue in this case is akin to a wrongful death action under state law. Although the Kentucky statute creating a cause of action for wrongful death is not among the statutes to which KRS 413.180 expressly applies, the Kentucky Supreme Court has specifically held that the tolling rules contained in KRS 413.180 apply to wrongful death actions in Kentucky because Kentucky wrongful death actions, like § 1983 actions brought in Kentucky, are governed by the one-year personal injury statute of limitations contained in KRS 413.140. *Conner v. George W. Whitesides Co.*, 834 S.W.2d 652 (Ky.1992).

Ella Mae Ford, the individual officers took aim with their weapons, without legal justification, or provocation, and willfully, maliciously, and intentionally fired their weapons at Alford Ford, Jr., hitting him five times, at point-blank range, causing his death.

    12.  After taking the life of Teddy Ford, the individual officers then took Mr. and Mrs. Ford into custody, alleging that the parents of the decedent had committed criminal acts, and in doing so, the defendant police officers individually and jointly employed excessive and unreasonable force against the person of the plaintiff, Mrs. Ella Mae Ford.

Complaint, doc. # 1, paras. 11 and 12.  The initial complaint contained no allegations concerning supervisory liability or improper supervision.

    In the amended complaint (doc. # 9), Defendant Provence's name appears in only one paragraph:

    12.  The Harlan Sheriff's Department, the Cumberland Police Department and the Kentucky State Police Special Response Team, under the supervision of defendant Jerry Provence and including defendant David Crafton, sent back-up officers along with the Lynch Police Department and the Benham Police Department.

Amended Complaint, doc. # 9, para. 12.  Although plaintiffs' amended complaint makes vague references to "other State Police Officers" in describing the events leading to Mr. Ford, Jr.'s death, it appears that plaintiffs are suing defendant Provence solely as the supervising officer on the scene—a claim that was not included in plaintiffs' original complaint.

    Applying the Rule 15(c)(3) criteria, the claim did not arise out of the conduct set forth in the original complaint as plaintiffs set forth no facts concerning supervision and appeared to make no claim for inadequate or improper supervision in the original complaint.  Second, although defendant Provence may have received notice sufficient to avoid prejudicing him in preparing his defense, he did not actually receive such notice until July of 1994—approximately seven months after the statute of limitations expired and more

than four months after the time for service under Rule 4(m) expired.  Third, as plaintiff pleaded very specific facts that did not include any allegations of supervisory liability, even if defendant Provence had received notice within the prescribed period, he would not know that, but for a mistake concerning identity, the action would have been brought against him.

    For these reasons, plaintiffs' allegations of supervisory liability in their amended complaint do not relate back under Rule 15(c)(3), and are, therefore, barred by the one-year statute of limitations applicable to § 1983 actions in Kentucky.  *See Collard v. Kentucky Board of Nursing,* 896 F.2d 179 (6th Cir.1990).

### 2.  *Defendants Hill and Crafton*

    ■  The parties agree that plaintiffs' initial complaint contains the same factual allegations against two John Doe officers that have now been made against defendants Hill and Crafton.  The parties further agree that plaintiff filed an amended complaint identifying defendants Hill and Crafton by name on July 11, 1994.

    The issue, then, is whether naming an unknown or John Doe party can constitute "a mistake concerning the identity of the proper party" for purposes of relation back under Rule 15(c)(3).  The First and Seventh Circuits have unequivocally concluded:

> Rule 15(c)(3) "permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, *there is a lack of knowledge of the proper party.*"

*Wilson v. United States,* 23 F.3d 559, 563 (1st Cir.1994) (quoting *Worthington v. Wilson,* 8 F.3d 1253, 1256 (7th Cir.1993)) (emphasis in original).  In *Worthington,* the original complaint named "unknown police officers."  In *Wilson,* the original complaint correctly named the corporation plaintiff intended to name, but the corporation turned out to be the wrong party.  The courts in

**154**

both cases refused to permit relation back of an amendment under Rule 15(c)(3).

In this case, plaintiffs initially lacked knowledge of the proper defendants and elected to file their complaint against "unknown officers." Because Rule 15(c)(3) applies only where there has been an error concerning the identity of the proper party rather than where, as here, there is a lack of knowledge of the proper party, the amended complaint in this case does not relate back to the filing of the initial complaint. Accordingly, plaintiffs' individual claims against defendants Crafton and Hill are barred by the one-year statute of limitations.

Therefore, the court being advised,

**IT IS HEREBY ORDERED** that the motions to dismiss filed by defendants Hill, Crafton and Provence (doc. # 10, # 15 and # 17) be, and they are, hereby **granted** as to claims made by Mr. and Mrs. Ford individually, but **denied** as to claims Mr. Ford, Sr. alleges on behalf of Mr. Ford, Jr.'s estate.