**Kathleen LINDSEY, Plaintiff,**

v.

**Timothy J. JANSANTE, United States Postal Inspector; Keith A. Fixel, United States Postal Inspector; United States Post–Master General; John D. O'Hair, Wayne County Prosecutor; Dalton A. Roberson, Chief Recorders Court Judge; Marilyn E. Atkins, 36th District Court Magistrate; Ronald E. Walker, Attorney at Law; Detroit Police Department; City of Detroit; Wayne County Sheriff Department; and Wayne County, in their individual and official capacities, Defendants.**

**No. 92–CV–75459–DT.**

United States District Court, E.D. Michigan, S.D.

Nov. 17, 1992.

---

7. In their respective briefs, the parties address the issue of whether the government must prove that the inventory which the government seized on June 2, 1992, was the *same* inventory that was used to facilitate the alleged illegal conduct. However, because the Court holds that it is not

beyond doubt that the government can prove no set of facts that at least part of the inventory is the same, the Court need not, and does not, reach the issue of what is actually forfeitable under 18 U.S.C. § 981.

## MEMORANDUM OPINION AND ORDER

ZATKOFF, District Judge.

This matter is before the Court on defendant Ronald E. Walker's motion to dismiss plaintiff Kathleen Lindsey's civil rights complaint against defendant. Fed.R.Civ.P. 12(b)(6) and 56. Plaintiff has neither responded to defendant Walker's motion nor has plaintiff contacted the Court with respect to defendant's motion. The Court ORDERS that this motion be disposed of upon the brief which defendant Walker has submitted and without the Court entertaining oral argument. E.D.Mich.LR 7.1(e)(2). For the reasons which follow, defendant Walker's motion is GRANTED.

### I. BACKGROUND

Plaintiff instituted this cause of action against all defendants pursuant to 42 U.S.C. § 1983, on the theory that defendants' actions violated her federally protected rights. Plaintiff was charged in state court with felony firearm and felonious assault. Defendant Walker represented plaintiff during the prosecution of plaintiff in state court. Specifically, defendant Walker's representation of plaintiff included: 1) representation at a preliminary examination on April 6, 1992; 2) representation at an arraignment on the information on April 20, 1992; and 3) representation at an arraignment on the information on July 9, 1992.

Plaintiff did not appear at the April 20, 1992 arraignment and a warrant for her arrest was issued. Plaintiff was arrested on July 8, 1992. During the July 9, 1992 arraignment, defendant Walker moved for his withdrawal as plaintiff's defense coun-

sel. The state court granted defendant Walker's motion to withdraw. Defendant Walker and plaintiff have not had any further contact since July 9, 1992. Defendant Walker is a private attorney who plaintiff retained.

As stated above, plaintiff sued defendant Walker under 42 U.S.C. § 1983. Defendant Walker contends that he was not acting under the color of state law, and thus plaintiff's § 1983 claim against defendant Walker is not cognizable.

## II. OPINION

### A. Standard of Review

A motion brought pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted requires the Court to determine whether plaintiff has pleaded cognizable claims. The Court must accept as true all factual allegations in the complaint(s), and the motion must be denied unless it appears beyond doubt that the non-moving party cannot prove a set of facts which would permit relief. *Housing Opportunities Made Equal, Inc. v. The Cincinnati Enquirer*, 943 F.2d 644, 645 (6th Cir.1991); *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir.1983), *cert. denied*, 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984).

Fed.R.Civ.P. 56(c) provides that summary judgment should be entered only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has stated that the standard the Court must apply in determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). In *Anderson*, the Supreme Court also noted that "[b]y its very terms, the standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.*, 477 U.S. at 247–48, 106 S.Ct. at 2510 (emphasis in original). Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (footnote omitted); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### B. Plaintiff's § 1983 Claim

Section 1983 holds liable:

[e]very person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, [another person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws....

42 U.S.C. § 1983.

As a general rule, an attorney who is retained by a client does not act under color of law in his or her capacity as the client's attorney. *Polk County v. Dodson*, 454 U.S. 312, 318, 102 S.Ct. 445, 449–50, 70 L.Ed.2d 509 (1981). In addition,

[t]o be entitled to relief under § 1983, plaintiff must establish that defendant deprived him of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. The ultimate issue in determining whether a person is subject to suit under § 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights "fairly attributable to the state?" ... The Supreme Court has developed the so-called

nexus test to determine whether conduct of a private actor is fairly attributable to a state. Under this test, a finding of state action may be made when "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the latter may be fairly treated as that of the State itself." ... The required nexus may be established by showing that the State has "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Also a nexus may be established if the private entity has exercised powers that are "traditionally the exclusive prerogative of the State."

*Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir.), *reh'g denied, cert. denied,* — U.S. ——, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991) (quoting *Bier v. Fleming,* 717 F.2d 308, 310, 311 (6th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 686 (1984)).

 In *Whittington,* the plaintiff sued, among others, the attorneys who represented a child's adoptive parents in a proceeding to terminate the natural father's (the plaintiff's) parental rights. Applying the test set forth above, the *Whittington* court held that the attorneys' representation of the adoptive parents did not constitute state action. *Whittington,* 928 F.2d at 193. Applying the test to the case at bar, the Court reaches the same conclusion; defendant Walker's representation of plaintiff did not constitute state action. Although plaintiff in her complaint states that "all defendants ... conspired to create a legal case against the plaintiff without filing a single document in a court of law[,]" plaintiff has not stated that the State has exercised coercive power or has provided significant encouragement so that defendant Walker's representation of plaintiff may be deemed to be that of the State.

*See Whittington, supra.*[1] Plaintiff has completely failed to allege facts that would support a finding of action under color of law, and thus dismissal is warranted.[2]

 Defendant Walker also seeks Rule 11 sanctions against plaintiff on the grounds that plaintiff's complaint is frivolous. Rule 11 of the Fed.R.Civ.P. ensures that a party's signature on a pleading or a motion certifies that the party has read the document and that to the best of the party's knowledge, the document is well grounded in fact and warranted by existing law or a good faith argument for a change or reversal of that law. Fed.R.Civ.P. 11; *See, e.g., Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, ——, 111 S.Ct. 922, 928, 112 L.Ed.2d 1140 (1991). The party's signature also includes a guarantee that the document was not created to increase costs, cause harassment, or create delay. Violations of the rule will result in sanctions and reasonable expenses incurred due to the filing of the document. *Century Products, Inc. v. Sutter,* 837 F.2d 247, 250 (6th Cir.1988). The advisory notes indicate that the language of the rule points to the importance of inquiry into the facts and the law prior to a pleading or a motion being filed. Rule 11 imposes this duty on the party prior to the signing of the document. The standard of review under Rule 11 is no longer one of subjective good faith. Instead, the standard is one of reasonableness under the circumstances. *Business Guides, Inc.,* 498 U.S. at —————, 111 S.Ct. at 928–29.

Although defendant Walker prevails on its motion for dismissal, this Court declines to grant defendant Walker's request for sanctions under Rule 11. First, plaintiff is a *pro se* plaintiff. Second, in some situations, albeit not in the case at bar, a § 1983 claim could be stated against a private attorney. Finally, the record does not reveal that plaintiff's claims were interposed for

---

**1.** The Court notes that an attorney does not exercise powers that are traditionally the exclusive prerogative of the State. *See Whittington; supra.*

**2.** This is not a case where a plaintiff has made one "misstep," and thus under the generous "notice pleading" standards of the Federal Rules of Civil Procedure dismissal would not be warranted. *See Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957).

any improper purpose. Accordingly, the motion for Rule 11 sanctions is denied.

## CONCLUSION

For all of the aforementioned reasons, defendant Walker's motion to dismiss is hereby GRANTED[3] and defendant Walker's motion for Rule 11 sanctions is hereby DENIED.

IT IS SO ORDERED.

---

**3.** This MOOTS defendant Walker's motion for summary judgment.