928 F.2d 188
 18 Fed.R.Serv.3d 1335
 Kristen Clark WHITTINGTON, Plaintiff-Appellant,
v.
Robert L. MILBY, Marcia Milby Ridings, Charles Luker, Elmer
Cunnagin, Danny Evans, and Commonwealth of
Kentucky Cabinet for Human Resources,
Defendants-Appellees.
 No. 89-6394.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 26, 1990.
Decided March 14, 1991.
Rehearing and Rehearing En Banc
Denied April 24, 1991.
 
 Kristen Clark Whittington, James E. Morreau, Jr. (argued), Louisville, Ky., for plaintiff-appellant.
 Elizabeth U. Mendel (argued), Woodward, Hobson & Fulton, Louisville, Ky., Willis C. Cunnagin, London, Ky., Robert V. Bullock, Asst. Atty. Gen., Office of the Atty. Gen. of Kentucky, Ryan M. Halloran, Gen. Counsel, Trisha Zeller James, Autumn F. Corns, Cabinet for Human Resources, Office of the Counsel, Frankfort, Ky., for defendants-appellees.
 Before NELSON and RYAN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This action incorporates a claim under 42 U.S.C. Sec. 1983 and pendent claims under Kentucky tort law. The district court dismissed the case with prejudice on statute of limitations grounds. We shall affirm the dismissal of the Sec. 1983 claim, albeit on other grounds, and we shall direct that the dismissal of the pendent state-law claims be made without prejudice.
 
 
 2
 * In August of 1982 a young unmarried Kentucky woman gave birth to a child whom she agreed to put up for adoption. On the day the child was to be released from the hospital, plaintiff Kristen Clark Whittington filed a petition in the Circuit Court of Jefferson County, Kentucky, asserting rights as the child's father. The court denied Mr. Whittington's petition, and the child was placed with the prospective adoptive parents.
 
 
 3
 In October of the same year the adoptive parents filed a petition in the Circuit Court for Laurel County, Kentucky--the county of their residence--to terminate the parental rights of both of the child's natural parents. An attempt to make personal service of process on Mr. Whittington proved unsuccessful, but in February of 1983 the court nonetheless granted the petition. A petition for adoption was filed shortly thereafter. This petition was also granted, and judgment of adoption was entered in March of 1983.
 
 
 4
 In September of 1984 Mr. Whittington filed a motion in the Laurel County court to set aside the order terminating his parental rights. The court denied the motion. The Kentucky Court of Appeals reversed this decision because it found that the efforts to serve Mr. Whittington with process were not conducted in good faith and that the trial court therefore had not obtained jurisdiction over Mr. Whittington's person. The Kentucky Supreme Court reversed the decision of the Court of Appeals and reinstated the judgment of the trial court, finding that service had been attempted in good faith and that the lower court's exercise of jurisdiction was proper. We refer the reader to that decision, published at 737 S.W.2d 676 (Ky.1987), cert. denied, 485 U.S. 979, 108 S.Ct. 1276, 99 L.Ed.2d 487 (1988), for a fuller recitation of the pertinent facts.
 
 
 5
 In January of 1989, proceeding pro se and in forma pauperis, Mr. Whittington filed a complaint in the United States District Court for the Western District of Kentucky alleging violations of his civil rights under 42 U.S.C. Sec. 1983. The complaint also raised two pendent state-law claims: outrageous conduct causing severe emotional distress and prima facie tort. Named as defendants were: Robert Milby and Marcia Milby Ridings, the attorneys who filed the petition to terminate the plaintiff's parental rights on behalf of the child's adoptive parents; Elmer Cunnagin, the Laurel County Attorney at the time the petition to terminate was filed; Charles Luker, the judge who granted the petition; Danny Evans, the "warning order attorney" who had attempted to serve Mr. Whittington with process before the petition was granted; and the Kentucky Cabinet for Human Resources. (Mr. Whittington claimed that the Cabinet had failed to discharge its duty "to make every effort possible to reunite parent and child before parental rights are to be terminated.")
 
 
 6
 On February 28, 1989, Mr. Whittington moved for leave to amend his complaint to state a more definite claim and to name as defendants certain individual members of the Cabinet. This motion was not accompanied by a copy of the proposed amended complaint.
 
 
 7
 After a pretrial conference in May of 1989 the district court dismissed Mr. Whittington's original complaint, with prejudice, on statute of limitations grounds. Mr. Whittington then filed various post-judgment motions, including a motion to vacate, a motion to make specific findings as to his motion to amend the complaint, a motion to make specific findings as to when his cause of action accrued, a motion to make specific findings on the issue of equitable tolling, a motion to extend the time in which to file a reply to the defendants' response to his motion to vacate, and a motion to subpoena records from the Laurel County Circuit Court. The district court denied each of these motions in an order entered on September 28, 1989. That order provided in part as follows:
 
 
 8
 "[t]hough the plaintiff moved to amend his complaint, he failed to tender an amended complaint. Furthermore, there is nothing in plaintiff's motion to amend which would indicate that the plaintiff could escape the one year statute of limitations by amending his complaint. The last three allegations merely represent the plaintiff's vehement belief that absent the statute of limitations he would succeed on the merits. The Court acknowledges that the plaintiff is a zealous advocate. However, even a strong belief in one's own case is insufficient to overcome the well-established bar to actions filed outside the limitations period. Therefore, the Court finds that no justifiable reason for relief from judgment has been asserted and judgment will stand."
 
 
 9
 Five days later, on October 3rd, the district court issued the following order:
 
 
 10
 "In its Order of September 28, 1989, this Court stated that no amended complaint accompanied the plaintiff's motion which was filed on February 28, 1989. Upon review of the record, the Court finds that an amended complaint was tendered to the Court on March 28, 1989, one month following the filing of the motion to amend. This Court, in its discretion and by virtue of its actions, denied leave to amend the complaint and reiterates that ruling in this Order.
 
 
 11
 IT IS HEREBY ORDERED that the motion to amend the complaint be and hereby is DENIED.
 
 
 12
 This is a final and appealable Order, there being no just cause for delay."
 
 
 13
 On November 2, 1989, Mr. Whittington filed his notice of appeal. He is now represented by counsel.
 
 II
 
 14
 We must first consider whether Mr. Whittington's notice of appeal was timely. Fed.R.App.P. 4(a) provides, in pertinent part, as follows:
 
 
 15
 "[i]n a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from...." (Emphasis supplied.)
 
 
 16
 In the case at bar, Mr. Whittington filed his notice of appeal on November 2, 1989--within 30 days of the court's order of October 3rd, but not within 30 days of its order of September 28th. In the notice of appeal itself, Mr. Whittington asserted that the second order superseded the first; we do not believe that this assertion is correct.
 
 
 17
 To be appealable, an order must either be "final" within the meaning of 28 U.S.C. Sec. 1291, which gives us "jurisdiction of appeals from all final decisions of the district courts," or the order must come within one of the recognized exceptions to the final judgment rule. The Supreme Court has defined a final order as one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633-34, 89 L.Ed. 911 (1945). The Court has also emphasized that the requirement of finality is to be given a practical rather than a technical construction. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 171, 94 S.Ct. 2140, 2149-50, 40 L.Ed.2d 732 (1974). As our own court has stated, "[t]he requirement of finality ... does not necessarily mean that an order to be appealable must be the last possible one to be made in a case." U.S. ex rel. Tennessee Valley Authority v. Easement and Right-of-Way over Certain Land in Cumberland County, Tennessee, 386 F.2d 769, 770 (6th Cir.1967), cert. denied, 390 U.S. 947, 88 S.Ct. 1034, 19 L.Ed.2d 1136 (1968). The following words of the Supreme Court are particularly instructive:
 
 
 18
 "[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." Federal Trade Commission v. Minneapolis-Honeywell Regulator Co., 344 U.S. 206, 211-212, 73 S.Ct. 245, 248-49, 97 L.Ed. 245 (1952).
 
 
 19
 The district court's order of October 3rd did not "disturb or revise" legal rights settled by its order of September 28th. The only reason for issuance of the October 3rd order appears to have been that the court wished to correct its earlier statement that Mr. Whittington had failed to tender a copy of his amended complaint. Under ordinary circumstances we would conclude that the order of September 28th was the final order from which Mr. Whittington was obligated to appeal in a timely fashion and that because he did not file his notice of appeal within thirty days of that date his complaint should be dismissed for lack of appellate jurisdiction. See Fed.R.App.P. 26(b).
 
 
 20
 What makes this case unusual is a fact to which Mr. Whittington drew our attention in a supplemental brief filed after we raised the jurisdictional issue: the district court failed to comply with the "separate document" rule of Fed.R.Civ.P. 58 when it issued its September 28th order, thereby precluding that order from being an appealable "judgment" within the meaning of the Federal Rules.[1] Rule 58 requires every judgment to be "set forth on a separate document," and it provides that "[a] judgment is effective only when so set forth...." The advisory committee notes confirm that this rule means what it says: "there [must] be a judgment set out on a separate document--distinct from any opinion or memorandum--which provides the basis for the entry of judgment." No separate judgment was filed with the September 28th order, and the 30-day period in which Mr. Whittington was required to commence his appeal therefore did not begin to run on September 28. See Reid v. White Motor Corp., 886 F.2d 1462, 1466 (6th Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990).
 
 
 21
 It is true that the district court did not enter a separate judgment with respect to its October 3rd order either. We have previously held, however, that the parties to an appeal may waive the separate judgment requirement where three conditions have been met: first, the district court must " 'clearly evidence[ ] its intent that the opinion ... represent[ed] the final decision in the case' "; second, the judgment must have been "properly recorded on the clerk's docket"; and third, "the appellee from the district court [must not have] objected to perfecting the appeal from that order." Id. (quoting Bankers Trust v. Mallis, 435 U.S. 381, 387, 98 S.Ct. 1117, 1121, 55 L.Ed.2d 357 (1978)). In the case at bar, the district court's order of October 3rd met each of these requirements. We therefore conclude that the 30-day period described in Fed.R.App.P. 4(a)(1) did not expire until November 2nd. The notice of appeal filed on that date was timely.
 
 III
 
 22
 A second preliminary question we are constrained to mention is whether venue was proper in the Western District of Kentucky. 28 U.S.C. Sec. 1391, the general federal venue statute, provides in relevant part that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." In the case at bar, all of the individual defendants reside in Laurel County, which is in the Eastern District of Kentucky. Mr. Whittington's cause of action also arose in the Eastern District, because the proceeding which terminated his parental rights was held in the Laurel County Circuit Court.
 
 
 23
 It is true that improper venue is a personal defense which is waived if not raised either by motion or in a responsive pleading. Fed.R.Civ.P. 12(h)(1). Judge Luker and the Cabinet for Human Resources did not raise this issue below and do not assert it in their briefs on appeal; as to them, the defense is waived. The remaining defendants--Mr. Milby, Ms. Ridings, Mr. Evans, and Mr. Cunnagin--did raise the defense in a proper and timely fashion. We do not understand why the district court failed to address this issue. We think that any error in this regard was harmless, however; for reasons to which we now turn, it seems to us that Mr. Whittington failed to assert a justiciable claim under Sec. 1983.
 
 IV
 
 24
 The district court dismissed the Sec. 1983 claim as "barred by the one year statute of limitations." Because Mr. Whittington's complaint was filed in 1989, and because it was only in 1990 that this court finally decided that Sec. 1983 actions brought in Kentucky were subject to the one-year limitation of K.R.S. Sec. 413.140(1)(a), rather than the five-year limitation of K.R.S. Sec. 413.120, see Collard v. Kentucky Board of Nursing, 896 F.2d 179, 182 (6th Cir.1990) (interpreting the Supreme Court's then-recent decision in Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989)), we hesitate to affirm the district court's judgment on that ground. It may well be that Collard should be given retroactive effect, but that is a question we leave for another day. We choose to affirm the district court's dismissal of the plaintiff's Sec. 1983 action on different grounds. See Russ' Kwik Car Wash v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (a judgment below must be affirmed if correct for any reason, including a reason not considered by the lower court).
 
 
 25
 We first consider Mr. Whittington's claim against Mr. Cunnagin, Mr. Evans, and Judge Luker. Under Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989), absent any indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities--county attorney, warning officer attorney, and judge, respectively. Because Mr. Whittington is seeking monetary relief only, his Sec. 1983 claim against these officials cannot be sustained. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (a state official, sued in his official capacity for monetary relief, is not a "person" within the meaning of Sec. 1983); Walden v. Wishengrad, 745 F.2d 149, 152 (2d Cir.1984) (county attorneys authorized to represent the interests of the county in proceedings to terminate parental rights enjoy absolute immunity from Sec. 1983 suits for damages).
 
 
 26
 Neither can the plaintiff maintain a Sec. 1983 action against Mr. Milby and Ms. Ridings. As we stated in Bier v. Fleming, 717 F.2d 308, 310, 311 (6th Cir.1983), cert. denied, 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 686 (1984),
 
 
 27
 "[t]o be entitled to relief under Sec. 1983, plaintiff must establish that defendant deprived him of a right secured by the Constitution and the laws of the United States and that the deprivation occurred under color of state law. The ultimate issue in determining whether a person is subject to suit under Sec. 1983 is the same question posed in cases arising under the Fourteenth Amendment: is the alleged infringement of federal rights 'fairly attributable to the state?' ... The Supreme Court has developed the so-called nexus test to determine whether conduct of a private actor is fairly attributable to a state. Under this test, a finding of state action may be made when 'there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the latter may be fairly treated as that of the State itself.' ... The required nexus may be established by showing that the State has 'exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.' Also a nexus may be established if the private entity has exercised powers that are 'traditionally the exclusive prerogative of the State.' " (Citations omitted.)
 
 
 28
 Applying this test here, we find that the representation of the child's adoptive parents by Mr. Milby and Ms. Riding did not constitute state action.
 
 
 29
 The Kentucky Cabinet of Human Resources was not subject to suit by Mr. Whittington because a state agency may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). It is well settled that "Congress [did not] intend[ ] by the general language of Sec. 1983 to override the traditional sovereign immunity of the States." Quern v. Jordan, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145, 59 L.Ed.2d 358 (1979).
 
 V
 
 30
 We turn, finally, to the district court's dismissal of Mr. Whittington's pendent state-law claims. Our decision in Collard, supra, teaches that those claims should have been "dismissed without prejudice once plaintiff's federal jurisdictional claim was held to be inappropriate." 896 F.2d at 184.
 
 
 31
 Accordingly, the district court's dismissal of the plaintiff's Sec. 1983 claim is AFFIRMED, but its dismissal of the plaintiff's pendent state-law claims is VACATED and the case is REMANDED with instructions to dismiss those claims without prejudice.
 
 
 
 [1]
 The distinction between an order and a judgment is not relevant here. Fed.R.Civ.P. 54(a) explains that " '[j]udgment' as used in these rules includes a decree and any order from which an appeal lies."