978 F.2d 1258
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Lamont BELL, Plaintiff-Appellant,
v.
C. BLOCKER; Northpoint Training Center Adjustment
Committee; Sgt. Bill Case; Tommie Lawrence;
C.T.O. McCowan; Dewey Sowders,
Defendants-Appellees.
 No. 92-5650.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 E.D.Ky., No. 92-00059; Forester, D.J.
 E.D.Ky.
 AFFIRMED.
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Larry Lamont Bell is a pro se Kentucky prisoner who appeals the district court's judgment which dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Bell alleged that the defendants had violated his right to due process by virtue of their involvement in a disciplinary proceeding in which Bell lost 60 days of good time for using abusive language to a prison guard. On May 4, 1992, the district court adopted a magistrate judge's recommendation and dismissed the case under 28 U.S.C. § 1915(d) because the committee's decision was supported by eyewitness evidence, because prison policy did not give Bell a protected liberty interest in calling witnesses at his disciplinary proceeding, and because Bell had not stated a cognizable claim against Warden Sowders. In addition, the court found that Bell was aware of any exculpatory evidence in his case. It is from this judgment that Bell now appeals. The defendants have elected not to file a brief. Bell's brief contains requests for counsel and for a transcript.
 
 
 3
 Upon review, we conclude that the district court's judgment should be affirmed on other grounds. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Bell's claims for equitable relief were properly denied because they pertain to the fact or duration of his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). When a prisoner seeks a speedier release from confinement his sole remedy is a writ of habeas corpus. Id. Moreover, Bell was not entitled to collect damages from any of the defendants because he failed to allege that they were being sued personally rather than in their official capacity as state employees. See Whittington v. Milby, 928 F.2d 188, 193 (6th Cir.) (per curiam), cert. denied, 112 S.Ct. 236 (1991). Thus, Bell's complaint was properly dismissed under 28 U.S.C. § 1915(d) because it lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).
 
 
 4
 Accordingly, Bell's requests for counsel and for a transcript are denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.