992 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph H. HARBOLD, Plaintiff-Appellant,
v.
STATE OF INDIANA; Health Professions Bureau; Indiana State
Board of Chiropractic Examiners, Defendants-Appellees.
 No. 92-6391.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 Before GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Ralph H. Harbold, a pro se Kentucky plaintiff, appeals the district court's order dismissing his civil complaint for want of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory, and injunctive relief, Harbold, a chiropractor by profession, sued the State of Indiana and two state agencies for allegedly violating his constitutional rights in suspending his license to practice. Harbold was convicted in Illinois of a murder committed in 1981 and was sentenced to seventy years imprisonment. His conviction was reversed on appeal, and the case was remanded for a new trial. See People v. Harbold, 464 N.E.2d 734 (Ill.App.1984). Harbold continued to practice his profession from August 1986 until August 1989, when he was again convicted. A second appeal resulted in another reversal and remand for a new trial. See People v. Harbold, 581 N.E.2d 132 (Ill.App.1991), appeal denied, 587 N.E.2d 1019 (Ill.1992). Harbold, who now lives in Kentucky, is not incarcerated at this time.
 
 
 3
 In April 1990, while Harbold was incarcerated pending his second appeal, the state of Indiana filed a complaint with the Indiana State Board of Chiropractic Examiners charging that Harbold's murder conviction had a direct bearing on his ability to practice competent chiropractic medicine. A hearing was held in his absence, and, because Harbold did not attend and was unrepresented by counsel, the Board filed a default order on September 25, 1990. Harbold's license to practice in Indiana was suspended indefinitely. His appeal of the Board's order was denied.
 
 
 4
 Harbold then filed this civil action in federal district court, asserting federal jurisdiction on the basis of diversity of citizenship. The defendants filed a motion to dismiss on jurisdictional and immunity grounds. The district court dismissed the action in a memorandum opinion and order filed on September 29, 1992.
 
 
 5
 On appeal, Harbold argues that jurisdiction exists because the defendants acted "under color of state law" to violate his federal constitutional rights. In addition, he argues that the district court's dismissal of his action without a hearing deprived him of constitutionally protected interests without due process of law. He moves for the appointment of counsel.
 
 
 6
 Upon careful review, we conclude that the district court's order should be affirmed.
 
 
 7
 The Eleventh Amendment of the Constitution of the United States provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." This language means nothing less than what it clearly says. See Kelley v. Bd. of Educ. of Nashville & Davidson Cty, 836 F.2d 986, 988 (6th Cir.1987), cert. denied, 487 U.S. 1206 (1988). "[A] state agency may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it." Whittington v. Milby, 928 F.2d 188, 193-94 (6th Cir.) (per curiam), cert. denied, 112 S.Ct. 236 (1991). See also Papasan v. Allain, 478 U.S. 265, 276 (1986) (absent express waiver, no suit in law or equity may be brought against a state or its agencies in federal court). Indiana has not waived its Eleventh Amendment immunity, see Meadows v. Indiana, 854 F.2d 1068, 1069-70 (7th Cir.1988), and it is well-settled that Congress did not override the sovereign immunity of the states by enacting 42 U.S.C. § 1983. See Whittington, 928 F.2d at 193-94.
 
 
 8
 Finally, the district court did not err in not holding a hearing. Harbold filed a "Motion in Opposition to Motion to Dismiss" which was considered by the district court, and Harbold had no right to be heard orally.
 
 
 9
 Accordingly, we deny the motion for the appointment of counsel. The district court's order, entered September 29, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.