Pearllean OTTIS et al., Plaintiffs,

v.

Donna SHALALA et al., Defendants.

No. 1:92–CV–426.

United States District Court,
W.D. Michigan,
Southern Division.

Jan. 27, 1994.

Michael O. Nelson, Legal Aid of Western Mich., William J. Brennan, Dykema, Gossett, Grand Rapids, MI, for Pearllean Ottis, Lettie Cross, Goldie Gleason, Genevieve McCoy.

Daniel M. LaVille, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, Stuart M. Gerson, Sheila M. Lieber, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, James J. Gilligan, U.S. Dept. of Justice, Civ. Div., Jeffrey Golland, Dept. of Health & Human Services, Office of the Gen. Counsel, Washington, DC, for Donna Shalala.

Daniel M. LaVille, Asst. U.S. Atty., Grand Rapids, MI, Stuart M. Gerson, Sheila M. Lieber, U.S. Dept. of Justice, Civ. Div., Federal Programs Branch, James J. Gilligan, U.S. Dept. of Justice, Civ. Div., Jeffrey Golland, Dept. of Health & Human Services, Office of the Gen. Counsel, Washington, DC, for Lewis Sullivan.

Erica Weiss Marsden, Asst. Atty. Gen., Frank J. Kelley, Atty. Gen., Lansing, MI, for Gerald H. Miller.

R. Philip Brown, Asst. Atty. Gen., Frank J. Kelley, Atty. Gen., Public Health Div., Lansing, MI, for Vernice Davis Anthony.

David Lebenbom, David Lebenbom, P.C., Troy, MI, for Health Care Association of Mich.

Mark R. Smith, Clary, Nantz, Wood, Hoffius, et al., Grand Rapids, MI, for Michigan County Medical Care Facilities Counsil.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

Plaintiffs are residents of Michigan nursing homes which receive federal and state funding through the Medicare and/or Medicaid programs. They allege that defendants have not implemented enforcement procedures and remedies against noncomplying nursing homes required by the Nursing Home Reform Law, 1987 Pub.L. 100–203, as amended, which is part of the Omnibus Budget Reconciliation Act of 1987. Plaintiffs request that this Court order defendants to establish and implement the required enforcement procedures and remedies. Pending before the Court are plaintiffs' motion for summary judgment, defendant Vernice Davis Anthony's motion to dismiss or for summary judgment, and defendant Gerald H. Miller's motion to dismiss or for summary judgment.[1] For the reasons set forth below, plaintiffs' motion is granted, Anthony's motion is denied, and Miller's motion is denied.

### I.

Congress enacted the Nursing Home Reform Law as part of the Omnibus Budget Reconciliation Act of 1987 ("OBRA–87"). OBRA–87 revised the regulation of nursing homes subject to Medicare and Medicaid, subchapters XVIII and XIX of the Social Security Act, respectively. 42 U.S.C. §§ 1395 et seq.; 42 U.S.C. §§ 1396 et seq.

Through OBRA–87, Congress revised participation requirements and restructured the survey and certification process. Further, OBRA–87 granted the federal and state governments authority to implement a broad range of remedies for noncompliance with the revised standards. Prior to OBRA–87, the only sanctions available against nursing homes which did not comply with federal participation requirements were termination of participation or denial of payment for new admissions, where the noncompliance was not an immediate and serious threat to the residents' health and safety. OBRA–87 provided for the following sanctions in addition to termination of participation: denial of payments for new admissions; civil money penalties; appointment of temporary management; or, under Medicaid only, closure of the nursing home and/or transfer of its residents to another facility. 42 U.S.C. § 1395i–3(h)(2)(B); 42 U.S.C. § 1396r(h)(2)(A), (h)(3).

OBRA–87 directed both the Secretary of Health and Human Services ("the Secretary") and the states to "specify criteria, as to when and how each of such remedies is to be applied, the amounts of any fines, and the severity of each of these remedies, to be used in the imposition of such remedies." 42 U.S.C. § 1395i–3(h)(2)(B); 42 U.S.C. § 1396r(h)(2)(A). OBRA–87 further directed the Secretary to provide the states guidance in establishing the remedies through regulations issued not later than October 1, 1988. OBRA–87 required the states to establish the required remedies, whether by statute or regulation, not later than October 1, 1989. 42 U.S.C. § 1396r(h)(2)(A), (B).

Plaintiffs brought this action against the Secretary, Michigan Department of Public Health Director Anthony, and Michigan Department of Social Services Director Miller, requesting that the Court order defendants to establish and implement the remedies as required under OBRA–87. The Secretary published proposed regulations in the Federal Register on August 28, 1992. By Opinion and Order dated September 8, 1993, the Court granted the Secretary's motion to dismiss or for summary judgment, finding that mandamus was not appropriate at that time. The Court found that the Secretary's proposed timetable for finalization of the regulations was reasonable and that it would not be in the best interest of the public to alter the proposed timetable.[2]

---

1. Amicus curiae Health Care Association of Michigan has filed a brief in support of Anthony's and Miller's motions.

2. The Court dismissed plaintiffs' claims against the Secretary without prejudice. The Court ordered that plaintiffs may renew their complaint if the Secretary fails to follow the timetable submitted to the Court with due diligence. The Court further stated that it would not hesitate to compel agency action should the Court find in the

## II.

Summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc. (In re Atlas Concrete Pipe, Inc.),* 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, in viewing the evidence in favor of the nonmoving party, a reasonable fact finder could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510–11 (citations omitted).

■■■ The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once this has been done, the nonmoving party must come forward with specific facts showing that there is a material issue of fact on an issue which the nonmoving party will bear the burden of proof at trial. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## III.

■■■ Under Title 42 United States Code Section 1396r(h)(2), states must establish, whether by statute or regulation, specified remedies for noncomplying nursing homes by not later than October 1, 1989. Through this action, plaintiffs request that the Court order the state defendants to immediately establish and implement the full range of remedies required by Title 42 United States Code Section 1396r(h)(2).

Plaintiffs bring this action for injunctive and/or declaratory relief pursuant to Title 42 United States Code Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Defendant Anthony argues that plaintiffs may not enforce the provisions in Title 42 United States Code Section 1396r(h)(2) under Title 42 United States Code Section 1983. Defendant Miller does not join in this argument.

■■■ Section 1983 must be broadly construed. *Dennis v. Higgins,* 498 U.S. 439, 443, 111 S.Ct. 865, 868, 112 L.Ed.2d 969 (1991). The Supreme Court has held that Section 1983 provides a cause of action based upon violations of both federal statutes and the Constitution. *Wilder v. Virginia Hospital Ass'n,* 496 U.S. 498, 508, 110 S.Ct. 2510, 2516, 110 L.Ed.2d 455 (1990) (citing *Maine v. Thiboutot,* 448 U.S. 1, 4, 100 S.Ct. 2502, 2504, 65 L.Ed.2d 555 (1980)).

A plaintiff who alleges violation of a federal statute may bring an action under Section 1983 unless:

> (1) 'the statute [does] not create enforceable rights, privileges, or immunities within the meaning of § 1983,' or (2) 'Congress has foreclosed such enforcement of the statute in the enactment itself.'

*Wilder,* 496 U.S. at 508, 110 S.Ct. at 2517 (citation omitted; footnote omitted). The Supreme Court noted that "[t]his is a different inquiry than that involved in determining

---

future that the Secretary has unreasonably delayed finalizing the regulations. Plaintiffs have not renewed their complaint against the Secre-

tary. In fact, plaintiffs oppose defendant Miller's argument that the Secretary must be rejoined as a party to this action.

whether a private right of action can be implied from a particular statute." *Wilder*, 496 U.S. at 508 n. 9, 110 S.Ct. at 2517 n. 9.

Under the first factor, a statutory provision creates a right enforceable under Section 1983 where Congress intended the provision to benefit the plaintiff:

If so, the provision creates an enforceable right unless it reflects merely a 'congressional preference' for a certain kind of conduct rather than a binding obligation on the governmental unit, or unless the interest the plaintiff asserts is 'too vague and amorphous' such that it is 'beyond the competence of the judiciary to enforce.'

*Wilder*, 496 U.S. at 509, 110 S.Ct. at 2517 (citations omitted).

To prevail on the second factor, the burden is on the state to demonstrate that Congress intended to foreclose private enforcement of the statutory provision. In making its argument, the state must rely upon "express provision or other specific evidence from the statute itself." *Wilder*, 496 U.S. at 520–21, 110 S.Ct. at 2523 (citation omitted). In the absence of express statutory language, the Supreme Court has found private enforcement under Section 1983 foreclosed "only when the statute itself creates a remedial scheme that is 'sufficiently comprehensive . . . to demonstrate congressional intent to preclude the remedy of suits under § 1983.' " *Wilder*, 496 U.S. at 521, 110 S.Ct. at 2523 (citation omitted).[3]

Anthony argues that Congress did not unambiguously intend in OBRA–87 to create privately enforceable rights under Section 1983. In support of this argument, Anthony contends that through the Omnibus Budget Reconciliation Act of 1990, Pub.L. 101–508, 1990 U.S.C.C.A.N. (104 Stat.) 1388 ("OBRA–90"), Congress eliminated the October 1, 1989, deadline for state action and that the Secretary may not enforce the state requirements until after federal guidelines are adopted. Anthony relies on the following provision of OBRA–90:

(c) The Secretary of Health and Human Services shall not take (and shall not continue) any action against a State under section 1904 of the Social Security Act [42 U.S.C. § 1396c], on the basis of the State's failure to meet the requirements of section 1919(h)(2) [42 U.S.C. § 1396r(h)(2) ] of such Act before the effective date of guidelines, issued by the Secretary, regarding the establishment of remedies by the State under such section, if the State demonstrates to the satisfaction of the Secretary that it has made a good faith effort to meet such requirements before such effective date.

Omnibus Budget Reconciliation Act of 1990, Pub.L. 101–508 at section 4801(c), 1990 U.S.C.C.A.N. (104 Stat.) at 1388–215.

The Court finds that Congress has not eliminated the October 1, 1989, deadline for state action mandated in Title 42 United States Code Section 1396r(h)(2). The legislative history of OBRA–90 demonstrates that by enacting the good-faith exception, Congress did not intend to eliminate either the deadline or the requirement for state action:

(c) OBRA '87 established an improved enforcement process under which specified remedies are to be imposed on nursing facilities found out of compliance with the OBRA '87 requirements. . . .

Under OBRA 1987, the Secretary was required to provide guidance to the States, by regulation, on the establishment of these remedies under State law (whether by statute or regulation) by not later than October 1, 1988. The States, in turn, were required to have these remedies in place by October 1, 1989. *OBRA '87 explicitly did not, however, predicate implementation of these State remedies upon the issuance of final regulations.*

To date, so (sic) regulations have been promulgated by the Secretary with respect to the OBRA '87 enforcement process. Nor has any guidance been provided by

---

**3.** Anthony also argues that the Tenth Amendment bars plaintiffs' action. Miller does not join in this argument. The Supreme Court has held that under the test set forth above, a plaintiff may maintain an action against a state defendant in federal court to enforce a statute under Title 42 United States Code Section 1983. Therefore, if the *Wilder* test is met, plaintiffs may maintain this action against Anthony and Miller.

HCFA to the States on the implementation of this process.

In response to the confusion that has resulted from the Secretary's delay in publishing regulations relating to the establishment of remedies, the Committee bill prohibits the Secretary from taking any compliance action against any State that has made a good faith effort, prior to the effective date of guidelines issued by the Secretary on such remedies, to comply with the OBRA '87 enforcement requirements.

In providing for this good faith exception, however, the Committee emphasizes that the Secretary's past failure to implement the OBRA '87 enforcement provisions through regulation, while regrettable, should not be construed to undermine the validity of those provisions. OBRA '87 explicitly did not predicate implementation of the enforcement process requirements upon the issuance of final regulations. *States are still required, therefore, to establish remedies in law and to impose them on non-complying nursing facilities in accordance with the enforcement provisions of OBRA '87.*

H.R.Rep. No. 101–881, 101st Cong., 2d Sess. at 119, *reprinted in* 1990 U.S.C.C.A.N. 2017, 2131 (emphasis added).

Congress has not eliminated the requirement that the states establish and enforce specific remedies under Title 42 United States Code Section 1396r(h)(2). Further, absent a showing of good faith, the Secretary may take compliance action against a state which has failed to comply with the enforcement requirements.

Anthony next argues that the Social Security Act only requires that the Secretary approve a state's plan and that the Secretary has authority to reduce or eliminate payments to the states for noncompliance. Anthony relies on *Suter v. Artist M.,* — U.S. ——, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992), in support of the argument that therefore plaintiffs may not enforce the provisions of OBRA–87 under Section 1983.

In *Suter,* the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 671(a)(3), (15), required states to have a plan which provides that "reasonable efforts" would be made to maintain children in their homes or return them from foster care. *Suter,* — U.S. at ——, 112 S.Ct. at 1364. The act did not provide the states with further statutory guidance. *Suter,* — U.S. at ——, 112 S.Ct. at 1368. The Supreme Court held that, read in context of the act, the "reasonable efforts" language does not unambiguously create a private enforcement right. Instead, the language imposes only a generalized duty on the states, which is enforceable by the Secretary. *Suter,* — U.S. at ——, 112 S.Ct. at 1370.

■ In this case, the requirements in Title 42 United States Code Section 1396r(h)(2) are not vague and amorphous. *Wilder,* 496 U.S. at 509, 110 S.Ct. at 2517. Further, Title 42 United States Code Section 1396r(h)(2) imposes duties upon the states in mandatory language. *Id.* at 512, 110 S.Ct. at 2518. The fact that the Secretary may deny federal funds upon a state's noncompliance does not demonstrate that Congress intended to foreclose enforcement under Section 1983. *Wilder,* 496 U.S. at 522, 110 S.Ct. at 2524 ("[T]he Secretary's limited oversight is insufficient to demonstrate an intent to foreclose relief altogether in the courts under § 1983"). Moreover, "[a]lthough participation in the [Medicaid] program is voluntary, participating States must comply with certain requirements imposed by the Act and regulations promulgated by [the Secretary]." *Wilder,* 496 U.S. at 502, 110 S.Ct. at 2513. Miller has failed to demonstrate that Title 42 United States Code Section 1396r(h)(2) does not create enforceable rights under Section 1983 or that Congress intended to foreclose enforcement of this section's provisions pursuant to Section 1983. The Court finds that plaintiffs may enforce the statutory provisions in this Court under Section 1983.

## IV.

To prevail under Title 42 United States Code Section 1983, plaintiffs must satisfy two elements. First, they must prove that defendants deprived them of a right secured by the Constitution and laws of the United States. Second, they must prove that in

depriving plaintiffs of the right, defendants acted under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991), *cert. denied*, — U.S. —, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991).

Defendants do not argue that they did not act under color of state law. Further, Anthony admits and the Court finds that Anthony and Miller have not complied with Title 42 United States Code Section 1396r(h)(2) and that Michigan has not established the required remedies. Defendants both argue that their delay in compliance is excusable.

Defendant Anthony contends that because the Secretary has proposed federal regulations and because the Michigan Department of Social Services is drafting an amendment to the state's Medicaid plan, the action against Anthony is moot. In essence, instead of an argument for mootness, Anthony's argument is that the Court should not grant the requested relief because the delay was justified and Anthony now is proceeding with due diligence. Defendant Miller also argues that the delay was reasonable and that Michigan will implement the required remedies in the near future through a state plan amendment.

■ Both Anthony and Miller argue that state implementation was delayed because the Secretary has delayed adoption of federal guidelines. Anthony argues further that the Health Care Financing Administration of the Department of Health and Human Services has not offered the states guidance. Both arguments fail. The statute clearly states that states have an independent duty to implement the required remedies. 42 U.S.C. § 1396r(h)(2)(B)(i) ("[T]he failure of the Secretary to provide such guidance shall not relieve a State of the responsibility for establishing such remedies); *see also* H.R.Rep. No. 101–881, 101st Cong., 2d Sess. at 119, *reprinted in* 1990 U.S.C.C.A.N. 2017, 2131. Therefore, the fact that the Secretary and the Health Care Financing Administration have not provided guidance does not excuse the state defendants' failure to comply with the statute.

■ Defendants assert that they will soon complete an amendment to Michigan's Medicaid plan. Unlike the Secretary, the state defendants have not provided the Court with a proposed timetable for implementation of the remedies. They have not indicated when they will present the proposed state plan amendment to the Secretary for review. Defendants have not demonstrated that they are proceeding toward finalization within a reasonable time.

The Court finds that plaintiffs have satisfied the essential elements of a Section 1983 claim. Anthony and Miller have failed to demonstrate that their failure to comply with Title 42 United States Code Section 1396r(h)(2) is excusable. The state defendants also have not demonstrated that they will comply within a reasonable time. Therefore, the Court will order Anthony and Miller to comply with Title 42 United States Code Section 1396r(h)(2).

Plaintiffs, the Secretary, and Miller suggest that completion and submission of the state plan amendment would be an appropriate method under Title 42 United States Code Section 1396r(h)(2) to establish the required remedies. However, Anthony suggests that such a method is not acceptable under the statute. Accordingly, the Court will hold a hearing to resolve this and all remaining issues before issuing final injunctive relief.[4]

### V.

For the foregoing reasons, the Court finds that Title 42 United States Code Section 1396r(h)(2) is enforceable under Title 42 United States Code Section 1983. The Court further finds that plaintiffs have satisfied the requisite elements of a Section 1983 action. Finally, the Court finds that Anthony and Miller have not demonstrated that their fail-

---

4. Defendant Miller argues that if the Court orders implementation of a specific plan, the Secretary is a necessary party because the Secretary must approve a state's plan. Anthony does not join in this argument. On September 9, 1993, this Court dismissed plaintiffs' claims against the Secretary. Miller did not assert his joinder argument until November 19, 1993. Miller's argument fails because the Court has not ordered the state defendants to implement a specific plan.

ure to comply with Title 42 United States Code Section 1396r(h)(2) is excusable nor that they will comply with the statute within a reasonable time. Accordingly, the Court will order Anthony and Miller to comply with Title 42 United States Code Section 1396r(h)(2).