107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas L. MEROS, Plaintiff-Appellant,
v.
Judge James KILBANE, Judge James Sweeney, James Powell,
Layla Shaheen, Louis Licata, Elizabeth Crosby and
Licata & Crosby, L.P.A., Defendants-Appellees.
 No. 95-4296.
 United States Court of Appeals, Sixth Circuit.
 Feb. 04, 1997.
 
 Before: KENNEDY, JONES, AND BOGGS, CIRCUIT JUDGES.
 PER CURIAM.
 
 
 1
 This is a § 1983 case. Plaintiff appeals the district court's dismissal of his claims filed against two state court judges and several non-judicial defendants. These claims involved alleged deprivation of rights in relation to underlying state court litigation. For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 Plaintiff Thomas Meros alleges deprivation of his civil rights in state court proceedings involving two cognovit notes. In Shaheen v. Meros, Case No. CV-258799 (C.P. Cuyahoga County, September 28, 1993), Layla Shaheen filed an action in the Cuyahoga County Court of Common Pleas (Ohio) against Meros for judgment on two cognovit notes issued by Meros to Shaheen. On September 28, 1993, judgment was confessed in the amount of $27,785.00. In a Judgment Entry and Order dated September 28, 1993, issued by Defendant Judge James Sweeney, the Court of Common Pleas ordered Meros to pay Shaheen $27,785.00, along with all costs and interest.
 
 
 3
 On October 5, 1993, Meros filed a motion for relief from the judgment of the Cuyahoga County Court of Common Pleas. Following a hearing, this motion was denied by Defendant Judge James Kilbane, and Meros was ordered to pay the amount of the judgment to Shaheen within seven days. Judge Kilbane also awarded attorney's fees to Licata & Crosby, L.P.A., Shaheen's attorneys in the state court action.
 
 
 4
 On September 26, 1994, Meros filed a motion to declare the judgment void on the grounds that the Cuyahoga County Court of Common Pleas did not have subject matter jurisdiction to adjudicate the case. Ruling from the bench, Judge Kilbane found that the jurisdiction of the Cuyahoga County Court of Common Pleas was proper. Meros then appealed to the Ohio Court of Appeals for the Eighth District. The appeal was dismissed sua sponte because Meros failed to file a praecipe as required by local rules.
 
 
 5
 Meros then filed the instant action in the District Court for the Northern District of Ohio alleging that the Cuyahoga County Court of Common Pleas lacked jurisdiction to confess judgment on the cognovit notes. In addition, he also alleged that Defendants Judge Kilbane, Judge Sweeney, James Powell, Louis Licata, Layla Shaheen, Elizabeth Crosby, and the law firm of Licata & Crosby, L.P.A., individually and collectively, deprived him of his civil rights under the Fifth and Fourteenth Amendments. Judges Kilbane and Sweeney were the Cuyahoga County Court of Common Pleas judges who heard the proceedings concerning the cognovit notes. James Powell, Louis Licata, Elizabeth Crosby, and the law firm of Licata & Crosby, L.P.A., represented Shaheen in the state court action. (Judges Sweeney and Kilbane will hereinafter be referred to as the "judicial defendants." All other defendants will be referred to as the "non-judicial defendants.") The district court granted the non-judicial defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, the district court dismissed the claims against the judicial defendants sua sponte for failure to state a claim. This appeal follows.
 
 II.
 
 6
 In this appeal we face three issues: whether the district court erred in dismissing the Plaintiff's claims against the non-judicial defendants for failure to state a claim; whether the district court erred in dismissing Plaintiff's claims against the judicial defendants sua sponte for failure to state a claim; and whether to grant the judicial defendants' motion for sanctions.
 
 A.
 
 7
 The first two issues involve the district court's decision to dismiss a suit for failure to state a claim. We review the district court's decision to dismiss a suit pursuant to Rule 12(b)(6) de novo. Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir.1995), cert. denied, 116 S.Ct. 1041 (1996). "[T]he court 'must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.' " Id. (quoting Allard v. Weitzman (In re DeLorean Motor Company), 991 F.2d 1236, 1240 (6th Cir.1993)).
 
 
 8
 On appeal, Meros argues that the district court erred in dismissing his § 1983 action against the non-judicial defendants. In order to establish a cognizable § 1983 claim, a plaintiff must prove that he was deprived of a right, privilege or immunity secured by the Federal Constitution or the laws of the United States by a person acting under the color of state law. Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir.1995). The district court dismissed Meros's claims against the non-judicial defendants finding that the alleged actions did not amount to state action.
 
 
 9
 Each of the non-judicial defendants' sole action involved their representation of Shaheen in the state court proceedings involving the cognovit notes. An attorney's representation of a client, without more, does not amount to state action cognizable under § 1983. Attorneys, in their representation of their clients, cannot be considered state actors subject to § 1983 liability. Whittington v. Milby, 928 F.2d 188, 193 (6th Cir.), cert. denied, 502 U.S. 883 (1991). The non-judicial defendants did not act under color of state law in their representation of Shaheen.
 
 
 10
 Meros also claims that the non-judicial defendants are subject to § 1983 liability because they conspired with state actors to deprive him of his constitutional rights. A private party is liable as a state actor for purposes of § 1983 if the private party "is a willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (quoting United States v. Price, 383 U.S. 787, 794 (1966)). A complaint alleging that a private party is liable under § 1983 for conspiracy with a state actor "must be pled with some degree of specificity.... [V]ague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987). Meros's complaint contains nothing more than vague and conclusory allegations. Thus, the district court properly dismissed his claims against the non-judicial defendants for failure to state a claim.
 
 B.
 
 11
 Meros contends that the district court erred in dismissing his claims against the judicial defendants sua sponte for failure to state a claim. The district court dismissed Meros's claims against the judicial defendants finding that they were entitled to absolute immunity for their actions. Meros contends that neither judicial defendant should be entitled to immunity because both judges had jurisdiction only over Cuyahoga County, Ohio, and the cognovit notes were signed in Lake County, Ohio. He contends that because the cognovit notes were signed outside of Cuyahoga County where the judges had jurisdiction, the judges should not have entered judgment concerning the notes.
 
 
 12
 It is a well established legal principle that judges are immune from civil liability for actions based on their judicial functions. See e.g., Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam) (listing a long line of cases granting absolute immunity to judicial officials in the performance of their judicial duties). Judicial immunity is absolute with the exception of two situations. The first circumstance is when the actions are nonjudicial and not taken in the judge's official capacity. Forrester v. White, 484 U.S. 219, 227-29 (1988). The second circumstance is when there is a "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).
 
 
 13
 Meros contends that the judges acted in clear absence of all jurisdiction, because they did not have jurisdiction over items signed in Lake County, Ohio. In Stump v. Sparkman, supra, the Supreme Court distinguished between acts performed by a judge which were in excess of authority and acts performed by a judge which were in clear absence of authority. 435 U.S. at 358. Only when judges perform an act in clear absence of authority are they ineligible for judicial immunity. Id.
 
 
 14
 The two judges in the instant action did not act in clear absence of authority. The district court concluded that at most, it could only be determined that the judges may have acted in excess of authority because the notes were signed in Lake County, rather than Cuyahoga County. This does not rise to the level of a clear absence of jurisdiction which would remove the judges' immunity. The judges were still exercising their judicial functions. Their actions, although perhaps outside of the judges' geographic jurisdiction, were not performed in the clear absence of judicial authority. The district court's sua sponte dismissal was proper. Judicial immunity is immunity from suit, not just immunity from damages liability. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).
 
 C.
 
 15
 The third issue on appeal is whether to grant the judicial defendants' motion for sanctions. The judicial defendants filed a motion for sanctions pursuant to 28 U.S.C. § 1927. This motion has been referred to the hearing panel for disposition.
 
 Section 1927 provides in pertinent part:
 
 16
 Any attorney or other person admitted to conduct cases ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
 
 
 17
 28 U.S.C. § 1927. The judicial defendants contend that Meros's litigation against them has been frivolous and without basis in law or fact and thus Meros should be required to satisfy personally the attorneys' fees that have arisen from this litigation.
 
 
 18
 An awarding of attorneys' fees under § 1927 is analyzed under an objective standard and is only warranted when the attorney's conduct "falls short of the obligations owed by a member of the bar to the court ... [and] causes additional expense to the opposing party." In re Ruben, 825 F.2d 977, 984 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988). The judicial defendants' motion for sanctions was filed along with a motion to reconsider this court's refusal to dismiss all claims. Specifically, the motion details the failure of Meros (who is an attorney licensed to practice law in the state of Ohio and represented himself) to serve the judicial defendants and argues that Meros's conduct throughout this litigation suggests dilatory practices and thus an awarding of attorneys' fees under § 1927 is appropriate.
 
 
 19
 We find that Meros should be responsible for the attorneys' fees of the judicial defendants. Meros's theory of liability against the judicial defendants had no grounding in existing precedent and he should have known that the claims against the judicial defendants were meritless. See Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1379 (6th Cir.1987). The doctrine of judicial immunity is well established. Meros's sole claim against the judicial defendants was grounded in the judges' performance of their judicial functions. When performing judicial functions, judges are entitled to absolute immunity. "[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles, supra, 502 U.S. at 10 (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872)).
 
 
 20
 Meros's behavior fell short of the requirements owed by a member of the bar, and his pursuit of a frivolous claim against the judicial defendants has caused additional expense to those defendants. Meros's attempts to evade a debt by pursuing meritless claims unreasonably and vexatiously multiplied this litigation. For this reason, the judicial defendants' motion for attorneys' fees is granted. We hereby notify Meros of his right to respond to this court's imposition of sanctions in a timely-filed motion for reconsideration.
 
 III.
 
 21
 For the reasons stated herein, we affirm the judgment of the district court dismissing the claims against the non-judicial defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We affirm the judgment of the district court dismissing the claims against the judicial defendants sua sponte. In addition, we grant the judicial defendants' motion for attorneys' fees.