UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

NATIONWIDE MUTUAL INSURANCE
COMPANY,
>           *Plaintiff-Appellee,*

>           v.

JAMES H. FOLDEN, Individually, and
as Administrator of the Estate of
Christopher E. Folden; CHRISTOPHER
E. FOLDEN; JOSHUA FOLDEN, infant
under the age of eighteen who sues
by his father James H. Folden;
ANGELA FOLDEN,
>           *Defendants-Appellants,*

>           and

NORMAN LEE FLETCHER, Personally,
and in his capacity as Director of
the Shawnee Chiefs Football
Organization; SHAWNEE CHIEFS
FOOTBALL ORGANIZATION,
>           *Defendants.*

No. 02-2207

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, Chief District Judge.
(CA-99-229)

Submitted: May 9, 2003

Decided: May 16, 2003

Before WILKINSON and MOTZ, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit, sitting by designation.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

## COUNSEL

Kenneth E. Chittum, LAW OFFICE OF KENNETH E. CHITTUM, Bluefield, West Virginia, for Appellants. Maria Marino Potter, MAC-CORKLE, LAVENDER, CASEY & SWEENEY, P.L.L.C., Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

James Folden appeals from the district court's orders granting summary judgment in favor of Nationwide Mutual Fire Insurance Company (Nationwide) and denying his motion to alter or amend the judgment, pursuant to Fed. R. Civ. P. 59. An unambiguous judgment order granting summary judgment in favor of Nationwide was entered on May 15, 2002; however, because the first page of the accompanying opinion erroneously stated that Nationwide's motion was "DE-NIED," the district court entered a corrected opinion on May 23, 2002, clarifying that the motion was "GRANTED." Folden filed his Rule 59 motion on May 31, 2002. The district court denied the motion as untimely by order entered October 4, 2002. Folden filed his notice of appeal on October 16, 2002. We dismiss in part and affirm in part.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal. Fed. R. App. P. 4(a)(1)(A). However, if party files a Fed. R. Civ. P. 59 motion to alter, amend or reconsider that judgment within ten days of its entry, the thirty day period for noting an appeal is tolled until that motion is resolved. Fed.

R. App. P. 4(a)(4)(A). An untimely motion under Rule 59 does not defer the time for filing an appeal, which continues to run from the entry of the initial judgment. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 264 (1978). These time periods are mandatory and jurisdictional. *Id.*

We find that the relevant order, for purposes of measuring the ten-day period for filing a Rule 59 motion, was the May 15 order. *See Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952) (holding that, where a judgment previously entered has been reentered or revised in an immaterial way, the time within which review must be sought is not tolled); *see also Whittington v. Milby*, 928 F.2d 188, 191 (6th Cir. 1991). Therefore, Folden's notice of appeal as to the underlying order granting summary judgment to Nationwide is untimely.

Our review of the October 4, 2002, order denying Folden's Rule 59 motion as untimely discloses no reversible error. Accordingly, we affirm the appeal as to that order for the reasons stated by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*DISMISSED IN PART; AFFIRMED IN PART*