Shedrick GREEN, Plaintiff–Appellant,

v.

Howard COOK, et al., Defendant–Appellee.

No. 03–5676.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2003.

Shedrick Green, pro se, Clifton, TN, for Plaintiff–Appellant.

Kimberly J. Dean, Deputy Attorney Gen., Office of the Attorney General, Nashville, TN, for Defendant–Appellee.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.*

## ORDER

Shedrick Green, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 14, 2003, Green filed a complaint against Howard Cook, Tennessee Department of Corrections ("TDOC")

* The Honorable Danny C. Reeves, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Assistant Commissioner of Operations; Dennis Talley, TDOC Executive Administrative Assistant; and the following officials employed at the South Central Correctional Facility: Warden Kevin Myers, Assistant Warden Linda Rochell, Nurse Janel Casteel, Nurse Pamela Grady, Senior Correctional Officer Weeks, Senior Correctional Officer Lang, and Counselor Tim Hill. Relying upon the Eighth Amendment, Green alleged that he suffers from cerebral palsy and that the defendants have been deliberately indifferent to his medical condition. Specifically, Green alleged that, despite his doctor's order that he be placed on a bottom bunk bed, the defendants placed him on a top bunk bed, which he fell out of twice. In addition, Green alleged that the defendants denied him adequate treatment for his medical condition and refused to place him at a special needs facility even though he had a court order requiring such placement. Green also alleged that the defendants forced him to walk long distances to the kitchen, which caused him "extreme pain." Green alleged that Casteel and Grady "delayed [his] access to a physicain [sic ]" by refusing to schedule him to see a doctor. Green sought monetary and injunctive relief.

The district court dismissed Green's complaint for failure to state a claim upon which relief may be granted. The district court subsequently denied Green's motion to alter or amend the judgment. Green filed a timely appeal.

We review de novo a district court's judgment dismissing a suit for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir.2000). "Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

"[P]laintiffs seeking damages under § 1983 [have an affirmative duty to] set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials." *Wells v. Brown,* 891 F.2d 591, 592 (6th Cir.1989). If the pleadings fail to indicate that the plaintiff intended to sue the defendant in his individual capacity, the defendant is presumptively sued in his official capacity. *Whittington v. Milby,* 928 F.2d 188, 193 (6th Cir.1991).

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent. *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994); *see also Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Governmental entities cannot be held responsible for a constitutional deprivation, however, unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 442 (6th Cir.2000). The theory of respondeat superior simply cannot provide the basis for liability in § 1983 actions. *Monell,* 436 U.S. at 691.

Upon review, we conclude that the district court properly dismissed Green's complaint for failure to state a claim upon which relief may be granted. Green's complaint did not specify the capacity in which the defendants were sued and it did not place the defendants on notice that they were being sued as individuals, rather than officials. Therefore, Green's suit was

essentially a suit against the State of Tennessee, the governmental entity of which the defendants were employed. *See Will*, 491 U.S. at 71; *Matthews*, 35 F.3d at 1049. In this case, some of the defendants are employed by the TDOC, while others are employed by the Corrections Corporation of America ("CCA"). Since the defendants employed by the CCA "were performing the 'traditional state function' of operating a prison," their conduct is fairly attributable to the state such that they may be considered state actors for purposes of § 1983 liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir.1996); *see also Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 102 (6th Cir.1991).

However, Green did not allege that the State of Tennessee operated pursuant to an unconstitutional policy or custom requiring prison employees to violate the constitutional rights of prisoners. Even if the defendants did violate Green's constitutional rights, the state cannot be held responsible for their conduct under § 1983 simply because the state employed the defendants. *See Monell*, 436 U.S. at 691; *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir.1997).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.